# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHARLES F. BERNARD,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 05-507-FHS |
| **JUSTIN JONES,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on Petitioner's petition for a writ of habeas corpus. Respondent has filed a response arguing Petitioner is not entitled to relief. Petitioner is an inmate currently incarcerated at Davis Correctional Facility. He challenges the execution of his sentence pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment and sentence entered in the District Court of Pittsburg County for Trafficking Marijuana.

Petitioner has submitted the following grounds for relief:

The search of Petitioner's vehicle violated the Federal Constitutional provision against unreasonable search and seizure. Petitioner's Appellate Counsel was ineffective for failing to raise the issue regarding the existence of the informant. Failure to allow discovery denied Petitioner the right to a fair trial in violation of the Fifth and Fourteenth Amendments to the Constitution.

Respondent argues Petitioner's claim that his Fourth Amendment rights were violated by the search of his vehicle is not subject to habeas review. Respondent further alleges Petitioner's claim of ineffective assistance of Appellate Counsel is unexhausted, but would be procedurally barred if Petitioner attempted to return to

1

state court. Accordingly, this court should refuse to consider this claim on its merits. Finally, Respondent argues Petitioner's claim arguing the trial court failed to allow discovery is procedurally barred.

Respondent has submitted the following records to the court for consideration in this matter:

a.  Transcript of the Preliminary hearing held on July 26, 2001.

b.  Transcript of the hearing on the Defendant's Motion to Suppress held on November 20, 2001.

c.  Transcript of the Defendant's hearing on the Motion for Continuance held on September 28, 2001.

d.  Transcript of the hearing on the Defendant's Supplemental Witness List held on November 30, 2001.

e.  Transcript of jury trial held on December 3 and 4th, 2001.

f.  Transcript of the sentencing held on January 9, 2002.

g.  Opinion in <u>Charles Forrest Bernard v. State of Oklahoma</u>, 2002-1180 (Okla. Crim. App. August 7, 2003).

h.  Original Brief For and On Behalf of Charles Forrest Bernard Appellant Filed March 13, 2003.

i.  Brief of Appellee filed May 12, 2003.

j.  Petition in Error filed August 22, 2005.

k.  Order Affirming Denial of Post-Conviction Relief filed November 18, 2005.

l.  Motion to Suppress and Brief in Support filed by defendant Charles Forrest Bernard.

m.  Petition for Rehearing filed August 27, 2003.

n.  Order denying Petition for Rehearing filed September 5, 2003.

o.  Application for Post-Conviction Relief filed August 4, 2004.

p.  Order Denying Application For Post-Conviction Relief filed August 15, 2005.

## I.  Fourth Amendment Claim

Petitioner was convicted of trafficking marijuana after a search of his vehicle during a traffic stop revealed Petitioner was transporting large quantities of the drug.  In his first ground for relief, Petitioner claims the search of his vehicle, which resulted in the seizure of the marijuana, was conducted in violation of the Fourth Amendment. Petitioner claims he was detained after the legitimate justification for the stop of his vehicle had ended and that, therefore, his consent to search the vehicle was not voluntary.  Petitioner also claims that he did not understand his right to withhold his consent or to withdraw it once the search began.

In <u>Stone v. Powell</u>, 428 U.S. 465, 482 (1976), the Supreme Court held that "where the State had provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."

It is well settled law that Fourth Amendment exclusionary rule claims are not cognizable in federal habeas corpus proceedings if the Petitioner had an opportunity for full and fair litigation of the claim in state court. <u>Stone</u> at 494.  Here, Petitioner had the opportunity and exercised it fully.  The issue was initially raised in the trial court.  In the case at bar, Petitioner first objected

3

to the search of his vehicle at the preliminary hearing. The court heard arguments on the subject from both sides and overruled the Petitioner's demurrer.

Petitioner next challenged the search through a motion to suppress the marijuana. In that motion and the brief in support the Petitioner's argues that his consent to search was not voluntary because the justification for the stop had ended and because he was not advised that he had the right to withhold his consent. A hearing was held on the Petitioner's motion to suppress during which the court heard the testimony of the Petitioner and the officer involved in the stop. The court considered this matter and denied the motion to suppress.

Petitioner again challenged the search at the time of trial. After the State had presented its evidence at trial, the Petitioner renewed his motion to suppress. It was denied. On direct appeal the Petitioner again challenged the search on the grounds the officer's legitimate business with the Petitioner had ended and the Petitioner was not told that he did not have to consent to a search. The Oklahoma Court of Criminal Appeals found competent evidence in the record to support the trial court's finding that Petitioner's consent was freely and voluntarily given. Petitioner then filed a Petition for Rehearing regarding the legality of the search which was denied. Petitioner had adequate opportunity to litigate his Fourth Amendment claim in the state court system and he took advantage of this opportunity. It appears the state court system thoroughly considered his claim and after such thoughtful consideration denied it. Pursuant to <u>Stone</u>, the Petitioner's Fourth Amendment claim is barred from consideration by this court in a habeas corpus action.

## II. Ineffective Assistance of Appellate Counsel

Respondent has argued Petitioner's Ineffective Assistance of Appellate Counsel claim is unexhausted but would be procedurally barred if Petitioner attempted to return to state court. Accordingly, this court should refuse to consider this claim on its merits. However, this court disagrees the claim is procedurally barred. Contrary to Respondent's contention, it appears as if the Oklahoma Court of Criminal Appeals did address this claim in their opinion. The Oklahoma Court of Criminal Appeals quoted the district court's finding that appellate counsel was not ineffective. Thus, the court finds this claim is exhausted and will address it on its merits.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Id. at 687. The Strickland test also applies to appellate counsel. Evitt v. Lucey, 469 U.S. 387, 393-400 (1985).

> The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Consequently, appellate counsel engage in a process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1985) (quoting Jones, 463 U.S. at 751-52). The weeding out of weak claims to be raised on appeal "is the hallmark of effective advocacy," Tapia v. Tansy, 926 F.2d 1554, 1564 (10th Cir. 1991), cert. denied, 502 U.S. 835 (1991), because "every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court." Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). United States v. Cook, 45 F.3d 388, 394-95 (10th Cir. 1995).

5

The Strickland v. Washington, 466 U.S. 668 (1984)], test also applies to assessing the effectiveness of appellate counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the court first examines the merits of the omitted issue. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. See Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93), cert. denied, 525 U.S. 1151 (1999)). If the issue has merit, the court must then determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. See Cook, 45 F.3d at 394. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (1999).

In the case at bar, Petitioner has been unable to establish actual prejudice by any errors that appellate counsel may have made. There was ample evidence against this Petitioner to support his conviction. He had been stopped by the officer in a legitimate traffic stop. He consented to the search of his car. This consensual search resulted in the seizure of the drugs. Thus, it appears the information provided by the confidential informant was not the only evidence used to convict Petitioner. Petitioner claims his appellate counsel was ineffective because he failed to raise the issue on appeal concerning the existence of the confidential informant. The court finds there is no merit to this issue.

Even if there were merit to the issue, the Petitioner is unable to establish prejudice. Without expressing an opinion on whether appellate counsel's performance was deficient, the

court finds it is "easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether the alleged errors were legally deficient." Davis v. Executive Director of Dep't of Corrections, 100 F.3d 750, 760 (10th Cir. 1996), cert. denied, 520 U.S. 1215 (1997) (quoting United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993)). "To establish prejudice under Strickland, [petitioner] must show there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). There is absolutely no evidence to indicate the outcome of the proceeding would have been different had counsel made the requested argument. There appears there was ample evidence for a conviction without the information regarding the confidential informant. Thus, this court finds that even if the argument concerning the existence of the confidential informant had merit, appellate counsel's failure to raise it on a appeal did not prejudice Petitioner.

Accordingly, the court finds no merit to Petitioner's ineffective assistance of counsel claim.

### III. Failure to Allow Discovery

Petitioner has alleged the trial court prevented him from engaging in discovery to determine whether the confidential informant referred to in the search warrant actually existed. Petitioner has procedurally defaulted this claim by failing to raise it on direct appeal. Petitioner cannot demonstrate cause and prejudice for his default or a fundamental

7

miscarriage of justice. Therefore, his claim is procedurally barred.

Petitioner did not raise his claim that he was denied discovery on direct appeal to the Oklahoma Court of Criminal Appeals. Petitioner did attempt to raise this claim in his appeal of the district court's denial of post-conviction relief. However, the Oklahoma Court of Criminal Appeals found the Petitioner's claim to be waived by Petitioner's failure to raise it on direct appeal.

Claims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court. Smith v. Mullin, 379 F.3d 919, 925 (10th Cir. 2004). An exception is made if the Petitioner can demonstrate cause for failing to comply with the state procedural requirement and prejudice, or if the Petitioner can demonstrate that the court's failure to consider the claim will result in a fundamental miscarriage of justice. Id.

As state procedural default is independent if it relies on state law, rather than federal law. English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). The waiver of claims not brought on direct appeal is based on state law. 22 O.S.A. Sec. 1086. Therefore, the procedural default rested on independent state law grounds. Unless Petitioner can show cause and prejudice or a fundamental miscarriage of justice his claim is procedurally barred.

Petitioner has stated that part of the reason he did not raise the issue on direct appeal was due to his ineffective assistance of counsel. However, this court has previously found that Petitioner's appellate counsel was not ineffective

8

regarding the issue of existence of the confidential informant.  Petitioner has failed to set forth any other reason for failing to properly appeal this issue.  Thus, Petitioner has failed to set forth a cause for his failure to argue this issue on direct appeal.

In order to demonstrate the Court's refusal to consider his claims, in spite of the Oklahoma Court of Criminal Appeal's procedural bar, would be a fundamental miscarriage of justice, the Petitioner must supplement his claim with a colorable showing of factual innocence. Demarest v. Price, 130 F.3d 922, 941 (10th Cir. 1997).  Petitioner must show that it is more likely than not that no reasonable juror would have found the Petitioner guilty beyond a reasonable doubt. Id. at 942. That is, Petitioner must show that he is factually, not merely legally, innocent of the charges.

In his Petition, the Petitioner claims that the informant, if one existed, was the actual drug trafficker. This claim is not consistent with his claim that no informant existed. Further, Petitioner presented no evidence other than his claim that no informant existed or if one did exist, he was the drug trafficker.  Such bare conclusory allegations regarding innocence fail to establish that he falls within the fundamental miscarriage of justice exception to the procedural bar doctrine. Speringo v. McLaughlin, 202 F. Supp. 2d 178, 190 (S.D.N.Y. 2002) Further, Petitioner was convicted of drug trafficking due to drugs seized during a consensual search of his vehicle.  This had nothing to do with the existence of a confidential informant. Accordingly, Petitioner's claim regarding the lack of discovery regarding the confidential informant is procedurally barred and should not be considered by this court.

**ACCORDINGLY,** Petitioner's petition for a writ of habeas corpus is **DENIED,** and this action is, in all respects, **DISMISSED.**

**Dated this 30th Day of January 2007.**

J4h4i0

Frank H. Seay
United States District Judge
Eastern District of Oklahoma